**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 04-cv-2005-RPM-BNB**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

        **Plaintiff and,**

**CLIFFORD BAKER,**

        **Plaintiff-Intervenor,**

   **v.**

**EXEL Inc.,**
        **Defendant.**

---

**CONSENT DECREE**

---

**TABLE OF CONTENTS**

**I.   RECITALS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II.  JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**III. ISSUES RESOLVED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**IV.  MONETARY RELIEF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**V.   EQUITABLE RELIEF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     **A.**       **Scope** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     **B.**       **Injunctive Relief** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     **C.**       **Anti-discrimination Policy** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     **D.**       **Training** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     **E.**       **Posting of Notice** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     **F.**       **Record Keeping And Reporting Provisions** . . . . . . . . . . . . . . . . . . . . . . . . . 6

**VI.  RETENTION OF JURISDICTION AND FILING OF DECREE** . . . . . . . . . . . . . . . . . 9

**VII. ENFORCEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**VIII. EEOC AUTHORITY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**IX.  COSTS AND ATTORNEY'S FEES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**X.   NOTICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Attachment A** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I.  RECITALS

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that, in May 2003, Defendant Exel Inc. terminated the employment of Clifford Baker because of his race, African-American, and in retaliation for having complained about race discrimination in the workplace.  Exel Inc. denies that Baker was terminated because of his race or in retaliation for having complained about race discrimination.

**2.** The Commission and Defendant, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against the parties.

**3.** This Decree is final and binding upon the parties as to the issues resolved, as well as upon their successors and assigns.

**4.** The parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from the charge of discrimination filed by Clifford Baker.

**5.** For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission in requesting this Court to adjudge as follows:

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II. JURISDICTION

6.     The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

7.     The duration of this Decree shall be three (3) years from the date of signing by the Court.

## III. ISSUES RESOLVED

8.     This Decree resolves all claims for damages arising out of the issues and claims set forth in Civil Action No. Civil Action No. 04-cv-2005-RPM-BNB.

9.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## IV. MONETARY RELIEF

10.     Defendant agrees to pay the gross amount of $145,000 to Clifford Baker as payment for back pay, compensatory damages, interest, attorneys fees, and costs.

    **10.1**     Payments to Clifford Baker will be made in accordance with the terms of a separate Waiver and Release Agreement between Baker and Exel Inc, attached hereto as Exhibit B, and incorporated by this reference.

## V. EQUITABLE RELIEF

A.     Scope

11.    The terms of this Decree shall apply to the Exel Inc. facility located at 3801 McIntyre Court, Golden, Colorado.

**B.     Injunctive Relief**

12.    During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which discriminates on the basis of race or color.

13.    During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or the Equal Pay Act, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing under any of these statutes, because such person was identified as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, or because such person is designated as an aggrieved individual under this Decree.

**C. Anti-discrimination Policy**

14.    Defendant shall adopt and/or maintain a policy proscribing discrimination based on race or color, and proscribing retaliation against any employee who complains about race

discrimination or who files a charge of discrimination alleging race discrimination. ("Anti-Discrimination Policy").  Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy.  Within thirty (30) days of entry of this Decree, Defendant shall provide to all current employees a copy of the Anti-Discrimination Policy, and will provide the policy to newly hired employees within thirty (30) days of their hire.  Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

**D.   Training**

**15.**   Beginning in calendar year 2006, and annually thereafter, Defendant shall conduct annual training for all its employees on what constitutes employment discrimination.  Training will include employee notification of the Defendant's policy and procedures for registering complaints of discrimination.  Defendant agrees that said training will also counsel employees on the penalties of engaging in such discriminatory behavior.  Defendant agrees that said training will include the Defendant's non-retaliation policy.  All training under this Paragraph 15 shall be at Defendant's selection and expense. The training will be conducted as follows:

**15.1   Non-managerial Employees.**

Defendant will require non-managerial employees to attend two (2) hours of training per year regarding workplace discrimination, with emphasis on harassment and retaliation. Harassment training will include discussion of harassment based on race, color, national origin,

gender, age, and religion.  Additionally, Defendant will require new employees to complete the requisite two (2) hours of training, within thirty (30) days of being hiring.

### 15.2     Managerial and Supervisory Employees

Defendant will require all individuals who work in a managerial or supervisory capacity to receive at least four (4) hours of training *annually* regarding Title VII and other federal anti-discrimination laws.  Two (2) of the four (4) hours must directly address harassment, retaliation, and racial discrimination.  Additionally, Defendant will require employees newly hired or promoted into a managerial or supervisory position to complete the requisite four (4) hours of training within sixty (60) days of being hired or promoted.

### 15.3     Human Resource Employees

Defendant will require all individuals who work in a human resource capacity to receive at least sixteen (16) hours of training *annually* regarding Title VII and other federal anti-discrimination laws.  Four (4) of the sixteen (16) hours must directly address harassment, retaliation, and racial discrimination.  Additionally, Defendant will require employees newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within forty-five (45) days of being hired or promoted into a human resource position.

**16.**     Defendant agrees that the first such training session for each employee group identified in Paragraph 15, above, will take place within one hundred eighty (180) days after entry of this Decree.  Defendant agrees that all personnel shall both register and attend the seminar training sessions. In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, identify the

individuals providing the training, and provide the registries of attendance.

**17.**    With reasonable advance notice given to Exel Inc., the Commission, at its discretion, may designate one or more Commission representatives to attend any of the seminar-training sessions described above, and the Commission representative(s) shall have the right to attend and fully observe all of the sessions. Defendant shall provide the Commission with thirty days notice that a seminar-training session will be conducted.

### E.   Posting of Notice

**18.**    Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place where notices to employees and applicants for employment are customarily kept or posted, the Notice attached as Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within twenty (20) days of entry of this Decree that the Notice has been properly posted and shall provide  recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

### F.   Record Keeping And Reporting Provisions

**19.**    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree. The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree. In the event the Commission exercises its right to interview personnel pursuant to this paragraph, said interviews shall be scheduled with due regard to the convenience of the individual to be interviewed.

**20.** Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

**21.** Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree. The reports shall be due thirty days following the respective six-month period, except the final report which shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

**22.** Each report shall provide the following information:

> **22.1 Complaints of Race Discrimination**
>
> > **22.1.1** For purposes of this Paragraph 22.1, the term "complaint of race discrimination" will include any written or oral complaint which alleges discrimination based on race, color, or national origin, or alleges conduct, which the Defendant recognizes as presenting an allegation of race discrimination. For example, an employee may complain that he was denied promotion because he is black, or that co-workers call him "coon". These are "complaints of discrimination" even though the employee does not expressly allege discrimination.
>
> > **22.1.2** The name, address and telephone number of each person making a complaint of race discrimination to Defendant or to any federal, state, or local government agency.
>
> > **22.1.3** A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's response to the complaint, the

name of the person who investigated or responded to the complaint, and what, if any resolution was reached;

**22.1.4**  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**22.2**  **Training**

**22.2.1**  For each training program required under Paragraphs 15.1 and 15.2, and conducted during the reporting period, Defendant shall submit a registry of attendance.

**22.2.2**  For each training program required under Paragraph 15.3 (HR), and completed during the reporting period, Defendant shall provide a certificate of completion.

**22.2.3**  For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainer(s); (c) the name of each trainer and a summary of his or her qualifications.

**22.2.4**  For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

**22.3**  **Posting of Notice**: Defendant shall re-certify semiannually to the Commission, that the Notice required to be posted under Paragraph 18 of this Consent Decree has been properly posted or, if removed, was promptly replaced, during the duration of the reporting period.

### VI.   RETENTION OF JURISDICTION AND FILING OF DECREE

**23.**   This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.  Upon submission of the final report referenced in Paragraph 21, and the expiration of a period of 30 days after submission of said report, within which the Commission has not filed an objection thereto, the Commission and Defendant shall promptly file a Joint Stipulation for Dismissal with Prejudice ("Joint Stipulation") of this civil action, upon which filing this Decree shall automatically dissolve, and this Civil Action shall be dismissed with prejudice.  If the Commission files an objection to the final report within said 30-day period, the Parties will file the Joint Stipulation promptly after the Court's resolution of the Commission's objection.

### VII.   ENFORCEMENT

**24.**   There is no private right of action to enforce the parties' obligations under the Decree and only the Commission and Defendant, or their successors or assigns may enforce compliance herewith.

**25.**   Enforcement may be had by the Commission or Defendant petitioning the Court for enforcement of the terms of this Decree.

### VIII.   EEOC AUTHORITY

**26.**   With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and are unrelated to the claims asserted in this lawsuit.

## IX.  COSTS AND ATTORNEY'S FEES

**27.**  Each party shall be responsible for and shall pay its own costs and attorney's fees.

## X.  NOTICE

**28.**  Any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, to the appropriate parties as follows:

Regional Attorney  
Denver District Office  
Equal Employment Opportunity Commission  
303 E. 17th Avenue, Suite 510  
Denver, CO  80203

Exel Inc.  
Robert C. Whipple, Esq.  
570 Polaris Parkway, Dept. 230  
Westerville, OH 43082

cc:  Heather Vickles, Esq.  
Sherman & Howard L.L.C.  
633 17th Street, Suite 3000  
Denver, CO 80202

SO ORDERED this 20th day of December, 2005.

BY THE COURT:

s/Richard P. Matsch  
_____  
United States District Judge

APPROVED AS TO FORM:

Joseph H. Mitchell  
Regional Attorney

Nancy A. Weeks  
Supervisory Trial Attorney

_____  
Heather Vickles, Esq.  
Sherman & Howard LLC  
633 Seventeenth Street, Suite 3000  
Denver, CO 80202

Attorneys for Defendant

_____  
Rita Byrnes Kittle  
Trial Attorney  
(303) 866-1347

Equal Employment Opportunity Commission  
303 East 17th Avenue, Suite 510  
Denver, CO  80203

Attorneys for Plaintiff

_____  
Dale A. Gaar, Esq.  
1600 Stout Street, Suite 1000  
Denver, CO 80202

Attorney for Clifford Baker

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY  
 COMMISSION

BY: _____  
    Joseph H. Mitchell  
    Regional Attorney

    _____  
    Date

BY: _____  
    Clifford Baker

    _____  
    Date

EXEL INC.

BY: _____  
    Robert C. Whipple, Esq.  
    Legal Services, Americas

    _____  
    Date

**ATTACHMENT A**

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in <u>EEOC v. Exel Inc.</u>, filed in the United States District Court for the District of Colorado, Civil Action No. 04-cv-2005-RPM-BNB.

Management of Exel Inc. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices, and to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate based upon the race or color of an employee or job applicant. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, including race discrimination, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Exel Inc. respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Exel Inc. reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination in terms of hiring, promotion, compensation, benefits, discharge or discipline because of race or color.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Exel Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three years.

Exel Inc.


By:_____     _____
    Tim Kelly                                                                          Date